UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTOR RIVERA,

    Plaintiff,

v.                                                     Case No. 8:24-cv-2229-TPB-AAS

RDK ASSETS INC. d/b/a
RDK TRUCK SALES,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on "Defendant's Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in Support," filed on October 29, 2024. (Doc. 11). Plaintiff Victor Rivera did not file a response in opposition, and the time to respond has expired. After reviewing the motion, court file, and the record, the Court finds as follows:

**Background**

This action stems from Plaintiff Victor Rivera's termination as an employee of Defendant RDK Assets Inc. d/b/a RDK Truck Sales, which he alleges was directly related to his request for leave and taking time off due to a serious health condition, in violation of the Family Medical Leave Act of 1993 ("FMLA").

Plaintiff began working as a mechanic for Defendant on July 31, 2023. On July 15, 2024, Plaintiff was involved in a motor vehicle accident unrelated to his work and was hospitalized. Plaintiff promptly informed his supervisor about the accident and hospitalization. On July 17, 2024, while still hospitalized, Plaintiff

Page 1 of 5

reached out to his workplace to inform Defendant he needed more time to recover. No one answered his call, and he received no response to a text message he sent to a supervisor. On July 18, 2024, Plaintiff was released from the hospital with a doctor's note excusing him from work for the period from July 15, 2024, through July 23, 2024.

When Plaintiff returned to work on July 23, 2024, his manager informed him that he was fired, and that Defendant would be keeping Plaintiff's tools. Plaintiff believes that he was eligible for leave under the FMLA due to the serious health condition resulting from the car accident, and he asserts that Defendant did not notify Plaintiff about his eligibility status and rights and responsibilities under the FMLA. He further believes that his termination was directly related to his request for leave.

On September 22, 2024, Plaintiff filed his complaint, asserting interference with FMLA rights (Count I) and FMLA retaliation (Count II). Defendant has moved to dismiss the complaint in full, asserting that Plaintiff did not have any rights under the FMLA and cannot maintain either cause of action.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual

allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. 2009) (Lazzara, J.).

## Analysis

Defendant argues that on the face of the complaint, Plaintiff did not have any rights under the FMLA and cannot maintain either cause of action because the complaint alleges that Defendant employed him for less than one year.

The FMLA permits eligible employees to take unpaid leave for any number of serious health conditions. 29 U.S.C. § 2612(a)(1)(A)-(D). But "[n]ot all employees are eligible to take such leave so the issue of FMLA eligibility is a threshold question in FMLA suits." *Moore v. Sears Roebuck & Co.*, No. 3:06-cv-255-RV/MD, 2007 WL 1950405, at *4 (N.D. Fla. July 2, 2007) (quoting *Morgan v. Neiman-Marcus Group, Inc.*, No. Civ.A. 305CV0079G, 2005 WL 3500314, at *4 (N.D. Tex. Dec. 20, 2005)). An employee is eligible for FMLA benefits only if he "has been

employed for at least 12 months and has worked at least 1,250 hours for that employer within that 12 month period." *Morehardt v. Spirit Airlines, Inc.*, 174 F. Supp. 2d 1272, 1278 (M.D. Fla. 2001); *see also* 29 U.S.C. § 2611(2).

To establish a claim for FMLA interference, a plaintiff must prove that he was "denied a benefit to which he was entitled under the FMLA." *Lapham v. Walgreen Co.*, 88 F.4th 879, 895-96 (11th Cir. 2023) (citing *McAlpin v. Sneads*, 61 F.4th 916, 927 (11th Cir. 2023)), *cert. denied*, No. 23-1283, 2024 WL 4426640 (Oct. 7, 2024). To establish a claim for FMLA retaliation, a plaintiff must prove he "(1) engaged in a statutorily protected activity, (2) suffered an adverse employment decision, and (3) the decision was causally related to the protected activity." *Morehardt*, 174 F. Supp. 2d at 1279. Importantly, an employee who requests or takes leave to which he is not eligible under the FMLA "cannot be deemed to have engaged in protected activity and, therefore, termination by the employer in such a circumstance cannot be grounds to support a retaliation claim." *Id.* at 1281.

Therefore, as a threshold matter, Plaintiff must allege facts that could show he was eligible and entitled to FMLA rights. In this case, Plaintiff cannot do so. Plaintiff alleges that he began working for Defendant on July 31, 2023; he was hospitalized on July 15, 2024; he was medically cleared to return to work on July 23, 2024; and Defendant terminated him upon his return to work on July 23, 2024. Taking Plaintiff's own factual allegations as true, he was not eligible for FMLA benefits and cannot state a cause of action for interference or retaliation because the alleged interference and retaliation occurred before he had been employed for

twelve months.  Consequently, the motion to dismiss is granted, and Counts I and II are dismissed with prejudice.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in Support" (Doc. 11) is hereby **GRANTED**.

2. Counts I and II of the complaint are **DISMISSED WITH PREJUDICE**.

3. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of January, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE